## SHEARER et al. v. BULLEIT.

Court of Appeals of Kentucky.

May 8, 1953.

J. D. Buckman, Jr., Atty. Gen., and Wm. F. Simpson, Ass't. Atty. Gen., for appellant.

Funk, Chancellor & Marshall, Frankfort, for appellee.

STEWART, Justice.

This is an appeal from a judgment of the Franklin Circuit Court overruling an order of the Alcoholic Beverage Control Board of Kentucky, called "the Board" herein, and directing the Board to dismiss its charge against appellee, J. Frank Bulleit, and refund the fine paid by him to it under protest.

The Board preferred two charges against appellee and his late wife, Gertrude E. Bulleit, the holders of a retail beer license, a retail drink liquor license and a retail package liquor license, for premises known as the "Red Bull Tavern," located at 2000 South Seventh Street in Louisville, the first alleging a sale of alcoholic beverages to a minor in violation of KRS 244.080 and the second alleging that appellee permitted his licensed premises to become disorderly in violation of KRS 244.120.

At a hearing on May 27, 1952, the charges were duly heard and the first one was dismissed by the Board but appellee was found guilty on the second one and the Board ordered that the licenses of appellee and his deceased wife be suspended for a period of ten days, beginning June 15, 1952. The order further provided that appellee could pay the statutory penalty of $60 per day in lieu of serving the last five days of the suspension. Appellee served the first five days of the period and paid under protest the sum of $300 in partial satisfaction of the suspension order.

The circuit court reversed the order of the Board, holding in substance that there is no evidence in the record that appellee "permitted" disorder on the licensed premises, and therefore the order was void as a

matter of law. The lower court then directed the Board to dismiss the charge and return the fine paid under protest.

The sole question presented for determination on this appeal is whether or not any competent, substantial evidence supports the order. See KRS 243.570 (2) (c).

We must therefore examine the facts in order to decide if appellee caused, suffered or permitted disorderliness upon the licensed premises in violation of KRS 244.-120. The Board relies almost entirely upon the testimony of two of its field representatives, whose report brought about this proceeding to establish its case; and their evidence is practically identical.

They stated they were driving past the licensed premises when they observed an altercation at the doorway of the tavern. Two men were involved, one of whom was the bartender. They immediately parked their car and walked back to the establishment. Meanwhile, the bartender had gone back inside and when they entered the building they said they "saw the bartender selling malt beverages and whiskey to a group of patrons who had about all they could consume." One of the field men, Charles Thomas, stated there were several drunks in the tavern; "two of them were real drunk and the other fellows were drinking," he said. One of the drunks soon left, he stated, and drove away in his car.

Appellee's bartender testified that one drunk, on entering the tavern, had demanded a drink and when refused had become angry, whereupon the bartender had ejected him. On cross-examination he admitted he had refused several people drinks because he thought they had had enough. The Board interrogated him thus: "Mr. Thomas stated that he did see a drunk there besides this man being put out?" The bartender replied: "Don't know. You take fifteen or twenty people in a place and you are busy—there may have been somebody who had more than they needed. I didn't notice it. If a man came to the bar and ordered a drink and I thought he had had too much I didn't sell it to him." Ida

Holcomb, a seventeen-year-old girl found in this place, stated she was waiting for a "lady friend." In testifying as a Board witness she denied that she had had a drink, or that there were any drunks in the tavern.

 The Board should be granted some latitude in evaluating the evidence. But this does not mean that the elementary and fundamental principles of a judicial inquiry should not be observed. Valentine v. Weaver, 191 Ky. 37, 228 S.W. 1036. Coming now to the case at bar, we conclude that the evidence fails to support the charge that appellee caused, suffered or permitted disorderly conduct upon the licensed premises.

Wherefore, the judgment is affirmed.