**ALCOHOLIC BEVERAGE CONTROL BOARD of the Commonwealth of Kentucky, Guy C. Shearer, Chairman, John Kirksey and Julian Elliott, Members of said Board, Appellant,**

v.

**John A. BAKER. d/b/a Zombie Club, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

J. D. Buckman, Jr., Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellant.

Louis P. McHenry, Hopkinsville, Rudy Yessin, Frankfort, for appellee.

HOGG, Judge.

This is an appeal from a judgment of the Franklin Circuit Court overruling an order of the Alcoholic Beverage Control Board (hereinafter called the Board), which revoked the retail beer permit of appellee, John A. Baker. The judgment directed the Board to remove said revocation and return to appellee his permit to sell beer by retail. The Board had preferred four charges against the appellee, but found him guilty on two of the charges, viz., violating sections 244.080 and 244.110 of the Kentucky Revised Statutes. The circuit court reversed the order of the Board without assigning any reasons for so doing.

The only question for determination on this appeal is whether there was any substantial evidence to support the order of the Board. KRS 243.570(2) (c).

The appellee operates a restaurant in conjunction with the sale of beer on his premises. The restaurant is located in the front part of his establishment, and the beer is sold in the back part of the establishment where a bar is located. On January 12, 1954, appellee had been cited to appear before the Board on substantially the same charges. At that first citation, the Board made certain findings and ordered that his retail beer license should be suspended. On appeal to the Franklin Circuit Court an order was entered setting aside the order of suspension and remanding the proceeding to the Board. Thereafter, on July 7, 1954, came the second citation which is the subject of this controversy. The evidence introduced on July 7 related to the premises as existed prior to January 12. No evidence

of any nature was introduced by appellant to show the condition of the premises between January 12 and the date of the hearing with which we are concerned. It appears that immediately after the first hearing the appellee, in good faith, changed the premises by placing a clear glass partition between the restaurant and the bar.

In substance, KRS 244.080 provides that no retail licensee shall sell or furnish (or cause such to be done) any alcoholic beverage to: (1) a minor; (2) a person under the influence of alcoholic beverages, or apparently so; (3) an habitual drunkard or any person convicted of drunkenness as many as three times within the most recent 12 months; or (4) anyone known to have been convicted of any misdemeanor attributable to the use of alcoholic beverages, or of a felony.

The pertinent part of KRS 244.110 provides, in substance, that the licensed premises shall be so erected and maintained as to furnish a clear view from the sidewalk.

We shall first consider the evidence before the Board relating to the claimed violation of KRS 244.080. Field representative, Charles Adams, testified that he entered the premises about 8 p. m. on October 24, 1953, and saw two girls in an intoxicated condition, dancing in an aisle with beer in their hands. He stated that he did not see any beer or beverage sold or delivered to the girls but "guessed" they got the beer on the premises. Another field representative, Lewis Ervin, testified that on some occasion he saw several patrons—boys and girls—dancing, loving-up, and carrying on in an intoxicated condition on the premises. This is the sum and substance of all the evidence having any relation to violation of KRS 244.080. It is readily seen that appellant utterly and completely failed to prove any violation thereof. It was not proven that these persons were minors; nor was it proven that any beverages were sold or furnished to a person under the influence of alcohol. Although much of the evidence introduced on the hearing related to disorderliness on the licensed premises, KRS 244.120, appellee was not found guilty on that score, and that charge against him was dismissed.

The chief contention of appellant in its attempt to sustain its charge regarding a clear view of the premises from the sidewalk provided by KRS 244.110 is the evidence that, if the restaurant is crowded with people standing, one cannot see from the sidewalk what is going on in the bar. However, it is shown that, when such crowded condition does not exist, one can see from the sidewalk through the restaurant into the bar. Such has been the case since appellee made the change immediately after the first hearing by providing the clear glass partition which separates the restaurant from the bar. The representatives of appellant testified that when they visited the premises in October and November, 1953, one could not see from the sidewalk into the licensed premises. The effect of their testimony is that, since appellee made the conversion, one can see from the sidewalk into the bar, providing a crowd is not standing in the restaurant. It seems to us that the evidence before the Board on this issue of the case fails to support the finding of the Board. Obviously, the statute under consideration which provides for a clear view of licensed premises does not contemplate the standing of people as an obstruction.

We conclude, as evidently the trial court concluded, that the evidence fails to support the charges upon which appellee was found guilty which resulted in the permit revocation. Cf. Shearer v. Bulleit, Ky., 257 S.W.2d 903.

The judgment is affirmed.